**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HARMON L. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-CV-00114-RWS |
| | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF SHERMAN, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On February 18, 2020, Plaintiff Harmon L. Taylor ("Plaintiff"), acting *pro se*, filed his Original Complaint (the "Complaint") (Docket No. 1) against the following Defendants: (1) City of Sherman, (2) Brandon Shelby, (3) Cody Shook, (4) FNU LNU a/k/a/ Alex Aviles, (5) Zachary Flores, (6) Bob Utter Towing, (7) Driver, (8) Driver's Assistant, (9) Midway Storage Facility, (10) T. Scott Smith, (11) Susan Morris, (12) Janie Fletcher, (13) Municipal Court Assistant Prosecutor, (14) Grayson County, Texas, (15) Carol M. Siebman, (16) Michael Sissney, (17) Matt Ralston, (18) Whitney Brewster, (19) State of Texas, (20) Ron Clark, (21) Amos L. Mazzant III, (22) Christine A. Nowak and (23) Carl E. Stewart (collectively, "Defendants"). *See* Docket No. 1. On May 15, 2020, Plaintiff filed an Amended Complaint, alleging claims against the same Defendants. *See* Docket No. 7. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 12, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Docket No. 11) that this matter be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

Plaintiff has not perfected service on any named Defendant. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "Good cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."  *Coleman v. Carrington Mortgage Services, LLC*, Case No. 4:19-CV-0231-ALM-CAN, 2019 WL 7195392, at *3 (E.D. Tex. Dec. 3, 2019).  "Importantly, *pro se* litigations are not absolved from compliance with the requirements of Rule 4."  *Id.* (citing *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

As more than 250 days have elapsed since this case was filed, the Court finds Plaintiff has had substantial time to properly serve Defendants and has not shown good cause for an extension to serve.

Plaintiff has also failed to diligently prosecute this case pursuant to Rule 41(b), choosing, as noted in the Report, not to comply with the Court's Opinion and Order to file a request for an extension to serve setting forth good cause for failure of service.  *See* Docket Nos. 8, 11; Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."); *see also Comstock v. NexBank SSB*, 3:17-CV-1044-N-BN, 2018 WL 3979860, at *3 (N.D. Tex. July 19, 2018), *report and recommendation adopted*, 3:17-CV-1044-N, 2018 WL 3974712 (N.D. Tex. Aug. 20, 2018) ("By failing to comply with the Court's orders regarding service of process, [plaintiff] has prevented this action from proceeding. He has therefore failed to prosecute this lawsuit and obey the Court's orders. A Rule 41(b) dismissal of this action without prejudice is warranted under these circumstances.").

The Report was mailed to Plaintiff but was returned to sender as undeliverable. *See* Docket

No. 12.  Pursuant to the Eastern District of Texas' local rules (the "Local Rules"), a "pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."  Local Rule CV-11(d).

Because no objections to the Magistrate Judge's Report have been filed, Plaintiff is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except on grounds of plain error, they are barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).  Nonetheless, the Court has reviewed the relevant documents and the Magistrate Judge's Report (Docket No. 11) and agrees with the Report.  *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.'") (quoting *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is

**ORDERED** that the above-titled action be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rules of Civil Procedure 4(m) and 41(b).  Each party shall bear its own costs.

**SIGNED this 1st day of February, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE